DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
APARNA RAJAGOPAL-DURBIN (Bar No. 218519)
555 Capitol Mall, Tenth Floor
Sacramento, CA  95814-4686
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
adurbin@downeybrand.com

Attorneys for Movant
ANONYMOUS POSTER ON YAHOO!, a/k/a
"FREE3WARREN"

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>ESA ENVIRONMENTAL SPECIALISTS, INC.,<br><br>Debtor | Case No.  3:08-mc-80115<br><br>U.S. Bankruptcy Court (W.D.N.C.)<br>Case No. 07-31532<br><br>**REPLY BRIEF IN SUPPORT OF MOTION OF ANONYMOUS POSTER a/k/a "FREE3WARREN" TO QUASH SUBPOENA & MOTION FOR FEES & COSTS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:       July 25, 2008<br>Time:       9:00 a.m.<br>Location.:  Courtroom 10, 19th Floor<br>Judge:      Hon. Susan Illston |

**I.**

**INTRODUCTION**

It has been nearly three months since Prospect Capital Corporation (hereinafter "Prospect") issued its frivolous subpoena seeking to unmask the identity of the anonymous poster on Yahoo! with the screen name Free3warren.  To date, Prospect has not articulated a single basis for its subpoena, Prospect has not filed any allegations against Free3warren, Prospect has not explained how Free3warren is subject to civil

938171.1                                          1

liability, Prospect has not stated how it believes Free3warren is connected to the underlying proceeding from which its subpoena issued, and Prospect has not stated why the identity of Free3warren is necessary to prove a claim or a defense in the underlying bankruptcy proceeding. And to top it all off, even though Prospect had over forty days to prepare a response to Free3warren's motion, Prospect has now failed to file an opposition by the date required by Civil Local Rule 7-3(a). Accordingly, the Court should not countenance any further filings or oral argument by Prospect, should grant Free3warren's motion to quash the subpoena, and should order Prospect to pay the costs incurred by Free3warren in connection with this matter.

## II.

## STATEMENT OF FACTS

On May 22, 2008, Free3warren filed a motion to quash Prospect's subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii) and (iv) and Local Rules 7-2 and 7-8., and to order Prospect to pay the fees and costs Free3warren incurs in connection with this matter pursuant to Federal Rules of Civil Procedure 11 and 45. Although the matter was initially set for hearing on July 18, 2008 before Judge Illston, the Court on its own accord continued the hearing date to July 25, 2008.

Civil Local Rule 7-3(a) provides that "Any opposition to a motion must be served and filed not less than 21 days before the hearing date." Therefore, with a July 25 hearing date, Prospect was required to serve and file its opposition to Free3warren's motion no later than July 3. July 3 has come and gone, and Prospect has neither filed nor served any papers in response to Free3warren's motion. (Reply Declaration of Aparna Rajagopal-Durbin in support of Motion to Quash Subpoena, filed herewith (hereinafter "Durbin Reply Decl."), ¶ 2.)

The subpoena was signed by Prospect's counsel, Christopher Schueller of the law firm of Buchanan Ingersoll and Rooney. (Durbin Reply Decl., ¶ 4.) Furthermore, all of the undersigned counsel's communications thus far have been with Mr. Schueller. (*Id.*) However, on July 8, 2008, another attorney at Mr. Schueller's law firm called the

1 undersigned counsel to request a continuance of the hearing date on this matter because
2 the other attorney – and not Mr. Schueller – would be attending the hearing and had other
3 commitments during the week of July 25.  (*Id.*)  This attorney appeared to be unfamiliar
4 with this matter, did not know whom the undersigned counsel represented, had not
5 reviewed the undersigned counsel's communications with Mr. Schueller, and did not even
6 possess the correspondence file on the matter.  (*Id.*)  More importantly, this attorney was
7 unaware that Prospect had missed its deadline to file its opposition.  (*Id.*)

8      At this point, it is unclear what Prospect intends to do.  What is clear is that the
9 Court should not entertain any attempt by Prospect to justify its failure to file an
10 opposition.

## III.

## ARGUMENT

### A. The Court Should Grant Free3Warren's Unopposed Motion to Quash Prospect's Subpoena

15      Free3warren's motion lays out in great detail the multitude of reasons why
16 Prospect's motion should be quashed under Federal Rule of Procedure 45(c)(3)(A).  There
17 is no need to rehash these arguments.  By failing to file an opposition, Prospect has
18 essentially acknowledged that its subpoena lacked a valid basis.  Standing Orders of this
19 Court routinely provide that the failure of a party to file an opposition to any motion shall
20 be deemed to be consent to the granting of the motion.  *See, e.g., Woodfin Suite Hotels,*
21 *LLC v. City of Emeryville*, 2008 U.S. Dist. LEXIS 20306 (N.D. Cal. 2008) ("the Court's
22 standing civil order warns all parties, that a failure to file an opposition will be deemed
23 consent to the granting of a motion"); *see also, e.g.,* Durbin Reply Decl. Ex. A (Judge
24 Armstrong's Order for Pretrial Preparation).  Furthermore, this Court has previously
25 granted motions on the basis that the responding party failed to file an opposition.  *See,*
26 *e.g.*, *Berberian v. Hansen*, 2008 U.S. Dist. LEXIS 7726 (N.D. Cal. 2008) (Judge Illston)
27 ("defendants have failed to file an opposition to the remand motion, . . . The Court
28 therefore GRANTS plaintiffs' motion to remand this action to state court."); *Stringer v.*

*White*, 2008 U.S. Dist. LEXIS 12188 (N.D. Cal. 2008) (Judge Illston) ("Plaintiff has failed to file an opposition to the United States' motion[.] The Court accordingly GRANTS the motion.").

Therefore, not only should Free3warrren prevail on the substantive merits of his/her motion, but Free3warren should also *de facto* prevail on the sole grounds that Prospect failed to file any opposition to his/her motion.

**B.    The Court Should Order Prospect to Pay Free3warren the Attorneys' Fees & Costs He/She Incurred in This Matter.**

Free3warren's moving papers detail why he/she is entitled to attorneys' fees and costs under both Rule 11 and Rule 45 of the Federal Rules of Civil Procedure and *Highfields Capital Mgmt. L.P. v. Doe*, 385 F. Supp. 2d 969, 2005 U.S. Dist. LEXIS 29664 (N.D. Cal. 2005). Specifically, although Prospect's counsel initially contended that the subpoena is part of an investigation of future litigation claims that Prospect may have against current and/or former directors, officers, and/or employees of ESA and "other third parties" (as yet unidentified), Prospect's counsel not once identified these claims, articulated how these claims relate to the underlying bankruptcy proceeding, or described how Free3warren is implicated in these future litigation claims (*Declaration of Aparna Rajagopal-Durbin in support of Motion to Quash Subpoena* (hereinafter "Durbin Decl.") ¶¶ 10-23, Ex. F-M.) In fact, Prospect's counsel stated that Free3warren might only be a "witness" to relevant information, and that even if Free3warren does not possess relevant information, an interview of Free3warren could, "two or three steps down the road," lead to someone who possesses relevant information. (*Id*., ¶ 10.)

The most egregious behavior in this laundry list is the fact that, while Prospect's counsel stated that the subpoena precipitated from certain messages posted by Free3warren, Prospect counsel never identified these messages and actually did not even review these messages until several weeks <u>after</u> he signed the subpoena, and then only after Free3warren objected to the subpoena and demanded to know its basis. (*Id*., ¶¶ 15-16, Ex. I.)

Now, to compound to Prospect's previous harassing behavior, Prospect has now – either intentionally or neglectfully – forced Free3warren to needlessly incur fees and costs in preparing and filing a motion that Prospect has failed to oppose. (Durbin Reply Decl., ¶ 2.) The fact that Prospect's first attorney has now punted this matter to another attorney, who is entirely unfamiliar with this matter, (*id.*, 3,) is yet more evidence that Prospect is merely conducting a fishing expedition without adequately preparing or investigating the validity of its subpoena.

Therefore, the Court should order Prospect to pay Free3warren the attorneys' fees and costs he/she incurs in connection with this matter.

## IV.

## **CONCLUSION**

For the foregoing reasons, the motion to quash the subpoena should be granted, and the Court should order Prospect to pay Free3warren's fees and costs incurred in connection with this matter.

DATED:  July 9, 2008                Respectfully Submitted,

DOWNEY BRAND LLP


By:      /s/ Aparna Rajagopal-Durbin
APARNA RAJAGOPAL-DURBIN
Attorney for
ANONYMOUS POSTER a/k/a
"FREE3WARREN"