DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
APARNA RAJAGOPAL-DURBIN (Bar No. 218519)
555 Capitol Mall, Tenth Floor
Sacramento, CA  95814-4686
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
adurbin@downeybrand.com

Attorneys for Movant
ANONYMOUS POSTER ON YAHOO!, a/k/a "FREE3WARREN"

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>ESA ENVIRONMENTAL SPECIALISTS, INC.,<br><br>Debtor | Case No.  3:08-mc-80115<br><br>U.S. Bankruptcy Court (W.D.N.C.)<br>Case No. 07-31532<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION OF ANONYMOUS POSTER a/k/a "FREE3WARREN" FOR FEES & COSTS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date: July 25, 2008<br>Time: 9:00 a.m.<br>Location.: Courtroom 10, 19th Floor<br>Judge: Hon. Susan Illston |

**I.**

**INTRODUCTION**

After forcing Free3warren to spend tens of thousands of dollars in moving to quash this subpoena, and three months after the subpoena issued, Prospect Capital Corporation ("Prospect") has finally articulated a basis for the subpoena in another jurisdiction in which they've attempted to unmask Free3warren's identity.  In an attempt to take a second bite at the apple, Prospect used clandestine and pretextual methods to

939526.1                                        1

SUPPLEMENTAL BRIEF I.S.O. MOTION FOR FEES & COSTS

determine Free3warren IP address by hacking into Free3warren's computer using a malicious virus embedded in an e-mail, and then subpoenaed his/her cable service provider in New York to ascertain his/her identity.  Although Prospect failed to timely file an opposition in California, a few days after the California deadline had passed, Prospect filed a brief in New York admitting that it used these methods to obtain Free3warren's IP address and admitting that it is on a fishing expedition, the "fish" being individuals who may have communicated Prospect's proprietary information to ESA's directors and/or officers.  Prospect claims – without pointing to any evidence – that Free3warren is one of these individuals.

      Prospect's tactics have been both beyond aggressive and beyond the pale.  And now, a San Diego-based attorney by the name of Cyril J. Dantchev has entered an appearance on behalf of Prospect, purportedly in order to attend next week's hearing and attempt to justify Prospect's inaction in this matter.  Given Prospect's behavior, the Court should not permit Prospect to make any oral argument on July 25 and should order Prospect to pay the costs incurred by Free3warren in connection with this matter.

## II.

## STATEMENT OF NEW FACTS

Movant Free3warren now knows why Prospect failed to prepare and file an opposition to Free3warren's motion, despite having over forty days to do so.

      On March 13, 2008, about a month before Prospect issued its subpoena this matter, Prospect posted an anonymous message on the Prospect Yahoo! message board under the name "citykidd" purporting to offer "information" about Prospect. (*See* Free3warren's July 11, 2008 New York reply brief, Supplemental Declaration of Aparna Rajagopal-Durbin (hereinafter "Suppl. Durbin Decl."), Ex. C at 5)   Free3warren responded by posting a message stating that he/she was not interested in this "information" if it was material non-public information. (*Id.*)  "Citykidd" persisted, and offered to send the "information" via e-mail to Free3warren and other regular posters. (*Id.*)  On March 14,

2008, Free3warren received an e-mail in his/her Yahoo! e-mail inbox, ostensibly from "citykidd" and purporting to contain information regarding Prospect. (*Id.*) In fact, this e-mail was a fraudulent effort by Prospect to obtain Free3warren's IP Address through deceit. (*Id.*) Free3warren clicked on the e-mail and saw nothing but garbled text. (*Id.* at 6.) The e-mail atually contained malicious computer code that caused Free3warren's computer to send its IP Address back to Prospect when Free3warren clicked on the e-mail. (*Id.*) The virus was so advanced that it was able to penetrate Yahoo!'s firewalls and other safeguards.

Once Prospect obtained Free3warren's IP Address, it subpoenaed Free3warren's cable service provider in New York, again requesting Free3warren's identity. (Suppl. Durbin Decl., Ex. A at 3.) Through separate counsel, Free3warren has moved to quash the New York subpoena. (*Id.*, Ex. A.) Interestingly, although Prospect failed to file an opposition in the California matter by its July 3, 2008 deadline despite having forty days to do so, it filed a lengthy opposition in the New York matter on July 9, just a few days after its deadline in California had passed. (*Id.*, Ex. B.)

In its New York opposition, Prospect admitted to using malicious computer code to obtain Free3warren's IP Address. (*Id.*, Ex. B at 16-17.) Prospect stated that it did so to "ferret out the Prospect insiders who were trafficking in Prospect proprietary and confidential information." (*Id.*) Throughout its brief, Prospect made bald assertions that Free3warren was a Prospect "mole," even though Prospect not once pointed to any evidence supporting its assertions. (*Id.*)

### III.

### ARGUMENT

At this point, there is no question that Free3warren's motion to quash must be granted, as Prospect has not opposed it. The purpose of this brief is to draw the Court's attention to additional facts warranting an order requiring Prospect to pay Free3warren the fees and costs incurred in connection with defending against the California subpoena.

Initially, Free3warren did not bring Prospect's New York subpoena to this Court's

attention because Free3warren did not want to make a connection between his/her Yahoo! user name and the IP Address in New York that Prospect subpoenaed. (Suppl. Durbin Decl., ¶ 3.) This would only undermine Free3warren's desire to remain anonymous. However, Prospect has left Free3warren with no choice but to bring the New York matter to the Court's attention, as Prospect has now made the connection between Free3warren and his/her New York IP address using clandestine means. Accordingly, attached as Exhibits A through C of the *Supplemental Declaration of Aparna Rajagopal-Durbin*, filed herewith, are the papers associated with Free3warren's New York motion to quash, Prospect's opposition, and Free3warren's reply. If the Court intends to permit Cyril J. Dantchev to appear and argue at the July 25 hearing on behalf of Prospect, Free3warren urges the Court to review the New York papers, as Prospect's counsel no doubt will attempt make the same arguments at the July 25 hearing that Prospect made in its New York opposition.

     Free3warren has already detailed in both his/her moving papers and reply papers why he/she is entitled to attorneys' fees and costs. These arguments were made without the benefit of the new information submitted in this brief. The new information Free3warren has gleaned through the New York matter only bolster his/her right to attorneys' fees and costs in this forum.

     First, Prospect was able to peel away – by using a malicious virus embedded in a fraudulent e-mail – a significant layer of Free3warren's First Amendment right to post anonymously. Whereas Free3warren attempted to keep his/identity and whereabouts anonymous, Prospect now knows that he/she has an IP Address serviced by a New York cable provider. This alone entitles Free3warren to attorneys' fees and costs.

     Second, notwithstanding that Prospect already issued a subpoena in California in April, it issued a duplicative subpoena in New York in June once it had ascertained Free3warren's IP address. This alone entitles Free3warren to attorneys' fees and costs.

     Third, Free3warren for the first time learned why Prospect sought his/her identity when Prospect filed its July 9 New York opposition claiming that Free3warren is an

Prospect "mole." At no time prior to July 9 did Prospect or its counsel make such a claim. In fact, one month before, on May 9, 2008, Prospect's counsel said exactly the opposite to the undersigned counsel, *i.e.*, that Free3warren's messages do not indicate that he/she has any connection with ESA. (*See* Durbin Declaration in support of Motion to Quash Subpoena, filed May 22, 2008, ¶ 17.) If Prospect's basis stated in its New York opposition is indeed the actual motivation for its subpoena, then this entire proceeding could have been avoided months ago, when Free3warren volunteered to provide an affidavit attesting that he had no connection with ESA (In fact, Free3warren has already provided such an affidavit in support of his/her reply brief in the New York action. (Supp. Durbin Decl., Ex. C.)) This alone entitles Free3warren to attorneys' fees and costs.

Fourth, Prospect has admitted in its New York opposition that the subpoenas were served in an attempt to "build its case" against individuals who posted purportedly "poisonous" messages against Prospect on the Yahoo! message board and who Prospect suspects to be disgruntled former employees and/or directors and/or officers of Prospect. (Suppl. Durbin Decl., Ex. B at 13-14.). Thus, Prospect admits that it has no evidence that Free3warren has engaged in any unlawful behavior, but is now fishing for such evidence. This alone entitles Free3warren to attorneys' fees and costs.

Fifth, Prospect intentionally failed to file an opposition in this matter because it decided to abandon the California subpoena and fight its battle in New York. Prospect failed to file an opposition in California by July 3, despite having forty days to prepare an opposition. However, Prospect filed an opposition in New York on July 9, when it had only eight days to prepare its opposition per New York's accelerated motion schedule. Furthermore, Prospect field its New York opposition less than a week after it missed its deadline to file an opposition in California. Prospect's tactics make abundantly clear that it has decided it has nothing to gain from further pursuing the California subpoena, as it has now been able to further narrow the universe of its potential targets by their IP address(es). Thus, this whole proceeding has been a worthless and costly exercise in futility. This alone entitles Free3warren to attorneys' fees and costs.

## IV.

## CONCLUSION

For the foregoing reasons, the Court should not permit Prospect to make any oral arguments at the July 25 hearing and should order Prospect to pay Free3warren's fees and costs incurred in connection with this matter.

DATED: July 15, 2008                    Respectfully Submitted,

DOWNEY BRAND LLP


By:      /s/ Aparna Rajagopal-Durbin
APARNA RAJAGOPAL-DURBIN
Attorney for
ANONYMOUS POSTER a/k/a
"FREE3WARREN"