CYRIL J. DANTCHEV (SBN 129585)
Email: cyril.dantchev@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
707 Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 239-8700
Facsimile: (619) 702-3898

CHRISTOPHER P. SCHUELLER (*pro hac vice pending*)
Email: christopher.schueller@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Phone: (412) 562 8800

MAGDELINE D. COLEMAN (*pro hac vice*)
Email: magdeline.coleman@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103
Phone: (215) 665-8700

Attorneys for Respondent
PROSPECT CAPITAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>ESA ENVIRONMENTAL SPECIALISTS, INC.,<br><br>　　　　　　　Debtor. | Case No. 08-mc-80115-SI<br><br>U.S. Bankruptcy Court (W.D.N.C.)<br>Case No. 07-31532<br><br>**PROSPECT CAPITAL CORPORATION'S MOTION TO EXTEND TIME TO RESPOND TO MOTION TO QUASH AND MOTION, IF NECESSARY, TO RESCHEDULE HEARING DATE**<br><br>Judge:　　　Hon. Susan Illston<br>Dept:　　　Department 10, 19th Floor<br><br>Date:　　　July 25, 2008<br>Time:　　　9:00 a.m. |

**RELIEF REQUESTED**

Prospect Capital Corporation ("Prospect"), hereby moves the Court pursuant to Rule 6 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and Northern District Civil L R. 6-3 for an order (i) extending the time for it to file a response to Motion of Anonymous Poster a/k/a "Free3Warren" to Quash Subpoena and Motion for Fees (the "Motion"), and (2) if necessary to ensure a fair and just determination of the parties' rights based on the merits of the case, rescheduling the hearing on the Motion. Prospect is prepared to move forward with argument on July 25, 2008 or any other date thereafter as directed by the Court.

**PROCEDURAL AND FACTUAL BACKGROUND**

On April 16, 2008, Prospect issued a subpoena on Yahoo, Inc. ("Yahoo") requesting that Yahoo produce documents reflecting the names and other information regarding certain Yahoo users including Free3warren. (Declaration of Christopher P. Schueller dated July 15, 2008 "Schueller Dec.", ¶ 3). Prospect seeks to identify a current or former employee, officer or director of Prospect who has trafficked in confidential and proprietary information and collaborated with parties adverse to Prospect in the bankruptcy case of ESA Environmental Specialists, Inc. ("ESA"). (Schueller Dec. ¶ 4). Yahoo notified the users of the subpoena, including Free3warren. (Schueller Dec. ¶ 5). Counsel for Free3warren Aparna Rajagopal Durbin, Esquire ("Opposing Counsel") contacted Prospect's counsel and objected to the subpoena. (Schueller Dec. ¶ 5).

Thereafter, Opposing Counsel contacted Prospect's counsel by telephone and requested an extension of time to file a motion to quash. (Schueller Dec., ¶ 6). Opposing Counsel further requested that Prospect engage in settlement talks. (Schueller Dec., ¶ 6). Prospect agreed to a tolling agreement which extended the time of Free3warren to file a motion to quash through May 15, 2008. (Schueller Dec., ¶ 6).

On May 14, 2008, Opposing Counsel requested another one week extension of the Tolling Agreement. (Schueller Dec., ¶ 7). Prospect agreed to this extension. (Schueller Dec., ¶ 7).

The parties engaged in settlement talks. (Schueller Dec., ¶ 8). Opposing Counsel claimed Free3warren was an "innocent investor" and did not post messages under any user name other than Free3warren. (Schueller Dec., ¶ 8). Settlement negotiations broke down when Free3warren refused

- 1 -

to deny in an affidavit that he was ever an employee, officer or director of Prospect. (Schueller Dec., ¶ 9). On May 22, 2008, Free3warren filed his motion to quash ("Motion to Quash"). (Schueller Dec., ¶ 10).

By e-mail dated May 29, 2008, Opposing Counsel admitted that contrary to her prior representations, Free3warren had posted other messages on the Yahoo finance site under the user name "Wiseone718." (Schueller Dec., ¶ 11). Opposing Counsel claimed that Free3warren would not use the wiseone718 name in the future. (Schueller Dec., ¶ 12).

On July 8, 2008, Magdeline Coleman, an attorney for Prospect, contacted Opposing Counsel to request an extension of the hearing date. (Declaration of Magdeline D. Coleman dated July 14, 2008 "Coleman Dec."). Despite the previous courtesies Prospect extended to Opposing Counsel, Opposing Counsel would only agree to extend the hearing date, not Prospect's response deadline. (Coleman Dec.).

On the Motion to Quash, Prospect has a strong position on the merits (see copies of opposition papers ("Opposition") attached as Exhibits F and G to Schueller Dec.).

## REQUESTED RELIEF

### A. Enlargement of Time

Fed. R.Civ.P.6(b)(2) provides that "upon motion made after the expiration of the specified period where the failure to act was the result of excusable neglect" a court may enlarge the specified time period for an act. Courts are given broad discretion in granting or denying extensions. See, *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (holding that District Court properly exercised its discretion in extending time for filing notice of appeal where attorney delegated task to paralegal and paralegal misread rules); *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 675 (9th Cir.1975) (holding Court has broad discretion in enlarging time to act.)

The party seeking the moving for an enlargement of time bears the burden of showing "excusable neglect**."** The determination of excusable neglect "is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Generally, courts will consider several factors, including (1) the danger of prejudice to the other party, (2) the length

of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. See *Comm. for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 825 (9th Cir.1996).

The Court should grant Prospect's request for an extension of time to file a Response because the facts in this case satisfy all of the Pioneer factors. First, Free3Warren will suffer no prejudice if Prospect's request is granted. As explained in the Supplemental Pleadings filed by Free3warren on July 15, 2008, Free3warren's counsel has had Prospect's legal arguments in her possession since July 9, 2008. Free3warren even seeks leave to have those arguments become part of the record. If for some reason the Court determines that Free3warren would be prejudiced if the Opposition is accepted by the Court now, that prejudice could be easily eliminated by adjourning the hearing date and granting Free3warren an opportunity to file new reply papers.

Second, Prospect did not delay in bringing this motion. Rather, Prospect files this request within a week after learning that Opposing Counsel refused to consent to an extension of response deadlines.

Third, some of the reasons Prospect requires additional time are:

(i) Prospect's attorneys Buchanan Ingersoll & Rooney PC ("Buchanan") had an office in Redwood Shores, California and intended to have that office handle the Opposition. In June of 2008, Buchanan announced it was going to shut down the Redwood Shores office, and did so as of June 30, 2008. This caused a need to reassign the Opposition to other counsel. This caused delay in the preparation of the Opposition.

(ii) Preparing the Opposition has taken longer than expected. The Opposition requires a detailed examination of bankruptcy, general litigation and First Amendment law. In addition, Prospect has to review over 500 web postings of Free3warren. Given the admission of Free3warren that he has used at least one other alias (wiseone718) to post on Yahoo, Prospect needed to review all the postings of wiseone718 and related user name wiseone7181 to prepare the Opposition. These are another 800 postings under wiseone718 and wiseone7181.

      (iii)    Free3warren opened another litigation front against Prospect on July 1, 2008 by filing a motion to quash a subpoena Prospect served on Cablevision Systems Corporation based on an IP Address which later turned out to be Free3warren's IP Address ("Doe Motion"). The action is in the Eastern District of New York under the caption In re Rule 45 Subpoena Issued to Cablevision Systems Corporation Regarding IP Address 69.120.35.31, Misc. 08-347 ("New York Action"). The Doe Motion has consumed the time and energy of Prospect and its counsel.

      (iv)    Prospect expected Opposing Counsel to agree to an extension. Prospect expected Opposing Counsel to reciprocate the courtesies Prospect had previously given Opposing Counsel on extensions. That expectation was apparently misplaced.

Fourth, Prospect has acted in good faith in connection with this matter. As set forth in the Opposition, Prospect has a strong position on the merits. Hence, Prospect respectfully requests that the Court accept the Opposition.

### B.    Continuing The Hearing

Pursuant to Civil L.R. 6-3(d) a Court may grant or deny a requested time change after receiving a motion for such a change and any opposition. District courts have "inherent power" to control their dockets. *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992). As such, District Courts have "the inherent authority to establish a schedule for the resolution of an action that takes into account principles of judicial economy and efficiency, with a view to a fair and just determination of the parties' rights based on the merits of the case." *In re Homestore.com, Inc. Securities Litigation,* 347 F.Supp. 814, 818 (C.D.Cal.2004), citing *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

In this case, if necessary to ensure the fair and just determination of the parties' rights based on the merits, the Court should exercise its discretion and reschedule the hearing date after July 25, 2008.

### CONCLUSION

For the foregoing reasons, Prospect respectfully request that this Court grant the motion and enter and order (1) extending the time for Prospect to file its Opposition, and (2) if necessary to

1 ensure a fair and just determination of the parties' rights based on the merits of the case,
2 rescheduling the hearing on the Motion to Quash.

DATED: July 17, 2008                BUCHANAN INGERSOLL & ROONEY LLP


                                    s/Cyril J. Dantchev
                                    By:   CYRIL J. DANTCHEV
                                          Attorneys for Respondent
                                          PROSPECT CAPITAL CORPORATION

- 5 -

MOTION TO EXTEND TIME RE MOTION TO QUASH          CASE NO. 08-MC-80115-SI