DOWNEY BRAND LLP
WILLIAM R. WARNE
APARNA RAJAGOPAL-DURBIN
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814-4686
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
bwarne@downeybrand.com
adurbin@downeybrand.com

Attorneys for Movant
ANONYMOUS POSTER ON YAHOO!, a/k/a
"FREE3WARREN"

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>ESA ENVIRONMENTAL SPECIALISTS, INC.,<br><br>Debtor | Case No. 3:08-mc-80115<br><br>U.S. Bankruptcy Court (W.D.N.C.)<br>Case No. 07-31532<br><br>**ANONYMOUS POSTER a/k/a "FREE3WARREN'S" OPPOSITION TO PROSPECT CAPITAL CORPORATION'S MOTION TO EXTEND TIME TO RESPOND TO MOTION TO QUASH AND MOTION, IF NECESSARY, TO RESCHEDULE HEARING DATE** |

Prospect failed to timely file an opposition to Free3warren's motion to quash Prospect's subpoena and motion for attorneys' fees and costs. Faced with the threat of sanctions, Prospect has now filed hundreds of pages of pleadings in an effort to grasp at straws before next week's hearing. Prospect's filing demonstrates its sloppiness and general bad behavior. Having inexplicably missed its deadline to oppose Free3warren's motion, and now that Free3warren has already submitted both his/her reply brief and a supplemental brief, Prospect now asks the Court to permit it to file an eleventh-hour opposition, a mere one week before the hearing and two weeks after it was supposed to file its opposition. These opposition papers – which include a

1

voluminous brief and a several hundred page declaration and exhibits – appear to be carbon copies of what Prospect filed in New York a week ago.  Prospect cannot be permitted to railroad Free3warren in this manner.  The Court should deny Prospect's Motion to Extend Time, should not consider any of the arguments it attempts to raise in its untimely filed opposition, and should not entertain any arguments by Prospect's counsel at next week's hearing.

Local Rule 7-3(a) provides that "an opposition must be filed no less than 21 days before the hearing date."  Given the July 25, 2008 hearing date, Prospect was required to file its opposition on or before July 3, 2008.  Prospect did not do so.  Free3warren subsequently filed his/her reply on July 9, and a supplemental brief (with the Court's approval) on July 15.  Local Rule 7-3(d) provides that "once a reply is filed, no additional memoranda, papers, or letters may be filed without the prior Court approval."  (emphasis added.) In direct contravention of Local Rule 7-3(d), Prospect has filed an opposition brief after Free3warren filed his/her reply, with no good cause.

Prospect's purported reasons for its dilatory conduct fall short of meeting its own cited legal standard for "excusable neglect", which includes an analysis of the following factors:

> (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

(*See* Prospect's Motion to Extend Time to Respond to Motion to Quash, at 2:26-3:3 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).)

First, Prospect claims that it failed to timely file its opposition because its counsel's Redwood Shores office closed immediately before its opposition was due.  This argument is nonsensical.  Prospect had over forty days to prepare its opposition.  Prospect's Philadelphia counsel, Chris Schueller, no doubt is at the helm of Prospect's legal team and took the lead in drafting it.  Mr. Schueller had ample time to request to be admitted *pro hac vice* in order to timely file Prospect's opposition.  Mr. Schueller also had ample time to obtain local counsel in California, especially given that his own firm has multiple California offices.  Mr. Schueller had

ample time to learn that his Redwood Shores offices were closing and realize that he would therefore have to find local counsel elsewhere. Mr. Schueller also had ample time to request additional time *before* his July 3 deadline. All of these options were well within "the reasonable control of the movant." Instead, Mr. Schueller completely dropped the ball, and now claims that it is because his Redwood Shores office closed.

Prospect's second claimed basis for "excusable neglect" is that the opposition "has taken longer than expected." Prospect has known about Free3warren's objections to its subpoena for <u>three months</u>. Prospect has had ample time to review Free3warren's 500 postings, and in fact, should have reviewed them well before it even issued its frivolous subpoena – not several months later. Again, these actions were well within "the reasonable control of the movant." Prospect's failure to review any of the postings on which it bases its subpoena until now is simply more evidence of its bad faith.

Prospect's third claimed basis for "excusable neglect" is that "Free3warren has opened another litigation front against Prospect in New York" and the New York proceeding has consumed Prospect's counsel's time and energy. This argument is ludicrous. Even the case cited in Prospect's motion holds that "claims that counsel . . . was busy with other business generally do not constitute excusable neglect." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *see also Ayala v. KC Envtl. Health*, 262 Fed. Appx. 27, 30 (9th Cir. 2007). It is Prospect – not Free3warren – who instigated the proceeding in New York by issuing a duplicative subpoena out of the Eastern District of New York seeking Free3warren's identity. Nor could the New York action have consumed much more time and energy, as obviously, Prospect is making <u>identical</u> claims in both jurisdictions. Free3warren did not even move to quash the New York subpoena until the day before its California opposition was due. Therefore, any argument that Free3warren's July 2 New York motion prevented Prospect from timely preparing its July 3 opposition papers is completely disingenuous. Even if Mr. Schueller was a solo practitioner forced to fight time-consuming legal battles on two fronts, his failure to file an opposition would not constitute excusable neglect. *Hill v. England*, 2007 U.S. Dist. LEXIS 81618, * 6 (E.D. Cal. 2007) ("A solo practitioner's 'busy

practice' and preparation of other cases does not establish excusable neglect under F.R.Civ.P. 6(b)(2)."); *see also United States v. 414 Riverside Rd.*, 1994 U.S. App. LEXIS 920, *18 (9th Cir. 1994). The failure of an over 500-attorney law firm with multiple offices in California to timely file an opposition is even more egregious. As another court of this Circuit has articulated:

> Here, the only reason offered by plaintiffs is that they were busy with matters concerning the status of . . . defendants' motion to compel arbitration. However, plaintiffs are represented by competent counsel in a firm which has several good lawyers. Attorneys competent to represent plaintiffs in a class action are certainly competent to address multiple tasks at the same time.

*Sorrels v. MBNA Am. Bank*, N.A., 2004 U.S. Dist. LEXIS 18857, *6 (D. Alaska 2004). Mr. Schueller voluntarily chose to fight these legal battles by instigated the two subpoenas in the first place. Mr. Schueller made his bed. Now, he must sleep in it.

Prospect's fourth basis for its request for an extension of time is that the undersigned counsel did not consent to an extension of time when Prospect's counsel called her on July 8, five days after Prospect's opposition deadline had passed. The undersigned counsel had no legal obligation to consent to further delaying resolution of this manner. Nor could the undersigned counsel consent to an extension of a deadline that had already passed. It is also worth noting that Prospect's counsel was not even aware that the deadline had passed when she called the undersigned counsel on July 8. (*See* Durbin Reply Decl., filed 7/9/08, ¶ 4.) Perhaps Prospect's counsel did not read the local rules. Even if that were the case, failure to read applicable local rules does not constitute excusable neglect. *Committee for Idaho's High Desert v. Yost*, 92 F.3d 814, 824 (9th Cir. 1996) ("counsel's unfamiliarity with the amended Local and Federal Rules" is not excusable neglect.) Prospect's fourth purported basis for its conduct is therefore specious.

Prospect cannot in good faith claim that its new papers will not prejudice Free3warren. Of course these papers prejudice Free3warren! Until two days ago, Prospect had filed <u>nothing</u> in this action and the Court may well have ruled on the papers and granted Free3warren's motions. Now, Free3warren is incurring additional unnecessary fees and costs in having to respond to Prospect's new filing, and faces yet more fees and costs if the Court entertains oral argument by Prospect at next week's hearing.

/ / / / /

Prospect's filing exemplifies its bad faith behavior. Free3warren has already spent tens of thousands of dollars having to go through this exercise. Now Prospect has bullied Free3warren into having to go through yet another round of brief-filing. For these reasons as well as the litany of reasons elaborated in Free3warren's previous pleadings, this Court should order Prospect to pay the fees and costs Free3warren has incurred in connection with this matter.

DATED: July 18, 2008                    DOWNEY BRAND LLP


                                        By:      /s/ Aparna Rajagopal-Durbin
                                              APARNA RAJAGOPAL-DURBIN
                                                 Attorney for Plaintiff
                                                     Free3Warren